

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HUGH McGUINNESS,

        Plaintiff,

-against-

NEW YORK STATE COMPENSATION
BOARD,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-0489(FB)(LB)

*Appearances:*
For the Plaintiff:
Hugh C. McGuinness, *pro se*
76 Briar Ridge Road
Danbury, CT 06810

For the Defendants:
JOHN P. GASIOR
Assistant Attorney General
State of New York, Office of the
Attorney General
120 Broadway
New York, NY 10271

**BLOCK, District Judge:**

        On January 27, 2005, plaintiff Hugh McGuinness ("McGuinness"), proceeding *pro se*, filed a complaint against the New York State Compensation Board (the "Board"), alleging that his Due Process rights were violated in connection with his workers' compensation claims before the Board. McGuinness specifically contends that the Board allowed long and unnecessary delays and postponements in processing his claims, and

1

awarded excessive payments to the lawyers representing him. On March 2, 2005, the Board moved to dismiss McGuinness's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

The Court referred plaintiff's *pro se* action to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b). On August 1, 2005, Magistrate Judge Bloom issued an R&R dismissing plaintiff's complaint on the grounds that the Court lacks subject matter jurisdiction over the action and the Board is immune from suit under the Eleventh Amendment. McGuinness filed timely objections to the R&R; therefore, the Court will review *de novo* those portions of the R&R as to which objections were made. *See* 28 U.S.C. § 636(b)(1); *United States v. Tortora*, 30 F.3d 334 (2d Cir. 1994). For the reasons set forth below, the Court adopts the R&R.

As Magistrate Judge Bloom noted, the New York Workers' Compensation Law provides that the Workers' Compensation Board has "full power and authority to determine all questions in relation to the payment of claims presented to it for compensation." N.Y. Workers' Comp. Law § 20 (McKinney 1993). The exclusive avenue of appeal for a party who disagrees with the Board's decision not to reopen his case is to the Appellate Division, Third Department. *See id.* To the extent that McGuinness challenges the outcome of the Board's hearings, therefore, the Court lacks jurisdiction over his claims. *See Maldonado v. State of New York Workers' Comp. Bd.*, 2005 WL 1523586 at *1 (dismissing plaintiff's complaint alleging that the Board "delayed providing him benefits" for lack of jurisdiction).

Moreover, McGuinness's claims against the Board are barred by the Eleventh Amendment. Actions against a state agency, such as the Board, are considered to be actions against the state itself. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Courts in this district have agreed that the Board has not consented to suit and is therefore entitled to Eleventh Amendment immunity. *See, e.g., Smith v. Workers' Comp. Bd.*, 1990 WL 47778, at *2-3 (E.D.N.Y. 1999), *aff'd*, 923 F.2d 844 (2d Cir. 1990).

Based upon its review, the Court adopts Magistrate Judge Bloom's R&R and dismisses the action on the grounds of Eleventh Amendment immunity and lack of subject-matter jurisdiction.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
September 1, 2005